IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
|     Plaintiff : | |
| : | |
| v. : | CRIMINAL NO. 1:CR-06-036-02 |
| : | |
| DANTE NACHO, : | |
|     Defendant : | |

*M E M O R A N D U M*

I.   *Introduction*

Defendant, Dante Nacho, filed a pro se motion for reduction of his sentence under 18 U.S.C. § 3582(c) pursuant to Amendment 706 to the sentencing guidelines, which generally reduces the base offense level for crack cocaine offenses by two levels. The Federal Public Defender was then appointed to represent him but has filed a motion to withdraw as counsel.

The government opposes the reduction motion because the amendment has no effect on the calculation of Defendant's guideline range as a result of Defendant's career-offender status. We agree with the government and will deny the motion

II.   *Background*

In April 2006, Defendant executed a written plea agreement in which he agreed to plead guilty to count VI of the indictment against him, charging him with distribution and

possession with the intent to distribute an unspecified quantity of crack cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1). This offense has a statutory maximum sentence of twenty years. *Id.* § 841(b)(1)(C). Defendant pled guilty on April 20, 2006.

The presentence report (PSR) had the following calculation of Defendant's guideline range. At that time, section 2D1.1 provided a base offense level of 28 for Defendant's drug quantity, converted to a marijuana equivalent for sentencing purposes. Two levels were added for possession of firearms during the drug offenses and three levels were deducted for acceptance of responsibility for a total offense level of 27. (PSR ¶¶ 19-27). However, because of Defendant's two prior convictions for drug-trafficking offenses, he was subject to career-offender enhancements under U.S.S.G. § 4B1.1. Thus, Defendant's total offense level became 29, not 27, using the following calculations. Under section 4B1.1(b)(C), Defendant's offense level started off at 32 because his offense had a statutory maximum of twenty years. Subtracting three points from this level for acceptance of responsibility resulted in a total offense level of 29. (PSR ¶¶ 28-29). Section 4B1.1(b) also required that, as a career offender, Defendant be assigned a criminal history category of VI. (PSR ¶

40).[1] This made Defendant's guideline range 151 to 188 months. (PSR ¶ 85).

At sentencing on September 21, 2006, the government moved for a downward departure under section 5K1.1 based on Defendant's substantial assistance. This motion was granted, and Defendant was sentenced to 108 months' imprisonment.

III. *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a

---

[1] Defendant's criminal history category would have been VI anyway, based on his 15 criminal history points. (*Id.*).

3

result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range
> that would have been applicable to the
> defendant if the amendment(s) to the
> guidelines listed in subsection (c) had been
> in effect at the time the defendant was
> sentenced. In making such determination, the
> court shall substitute only the amendments
> listed in subsection (c) for the corresponding
> guideline provisions that were applied when
> the defendant was sentenced and shall leave
> all other guideline application decisions
> unaffected.

*Id.*, § 1B1.10(b)(1). The court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." *Id.*, § 1B1.10(b)(2)(A). However, in pertinent part, if the defendant had been sentenced to a term of imprisonment "less than the term of imprisonment provided by" his guideline range at the time of the original sentencing, "a reduction comparably less than the amended

4

guideline range determined under [§ 1B1.10(b)(1)] may be appropriate." *Id.*, § 1B1.10(b)(2)(B).

In opposing Defendant's motion, the government argues he is not entitled to a reduction because the policy statement prohibits a reduction if the amendment does not have the effect of lowering Defendant's applicable guideline range. We agree that the amendment does not lower the applicable guideline range and hence will deny the motion.

As noted, the policy statement tells us not to reduce Defendant's sentence if Amendment 706 "does not have the effect of lowering [his] applicable guideline range." *Id.*, § 1B1.10(a)(2)(B). And in determining whether it lowers his applicable guideline range, we simply replace the amendment "for the corresponding guideline provisions that were applied when the defendant was sentenced and . . . leave all other guideline application decisions unaffected." *Id.*, § 1B1.10(b)(1).

In doing so, as the probation office's addendum to the PSR shows, while Defendant's base offense level under the amendment starts at 26, based on his drug quantity as a marijuana equivalent (as opposed to 28, as originally calculated), and after adding the two-level firearms enhancement, Defendant still goes to an offense level of 32 under section 4B1.1(b)(C), the career-offender guideline. From there, the same total offense level of 29 results after the three-point deduction for acceptance of

5

responsibility. With the criminal history category of VI, required for a career offender under section 4B1.1(b), Defendant's guideline range remains unaffected by Amendment 706 at 151 to 188 months. It follows that we cannot grant the reduction. *See United States v. Robinson,* No. 93-CR-00151(3), 2008 WL 1848786 (E.D. Ark. April 23, 2008); *United States v. Harris*, No. 04-CR-52, 2008 WL 821980, at *2 (M.D. Fla. Mar. 26, 2008); *United States v. McDougherty*, No. 88-CR-504, 2008 WL 752597, at *5 (C.D. Cal. Mar. 18, 2008); and *United States v. White*, No. 97-0028, 2008 WL 724171, at *1 n.4 (W.D. Va. Mar. 17, 2008).

In his pro se motion, Defendant argues that we can grant the reduction, but he uses a mistaken approach. He merely subtracts two levels, chosen because they represent the general reduction allowed by the amendment, from his original total offense level of 29. With a new total offenses level of 27 and his criminal history category of VI, Defendant argues his guideline range has been reduced. He also argues he is entitled to a corresponding reduction based on the downward departure we gave him at his original sentencing. However, as we have shown above, the correct analysis leads only to the same guideline range as before.

We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: April 30, 2008

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :
         Plaintiff              :
                                :
                                :
         v.                     :   CRIMINAL NO. 1:CR-06-036-02
                                :
                                :
DANTE NACHO,                    :
         Defendant              :
```

*O R D E R*

AND NOW, this 30th day of April, 2008, it is ORDERED that:

    1.  Defendant's motion(doc. 128) under 18 U.S.C. § 3582(c)(2) is denied.

    2.  The Federal Public Defender's motion (doc. 132) to withdraw as counsel is granted.

    3.  Defendant's application (doc. 130) to proceed in forma pauperis is dismissed as no filing fee is required for a section 3582(c) motion.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge